In the Matter of the Application of MURRAY L. POMERANTZ, Petitioner, for an Order of Mandamus against AARON L. JACOBY, as Register of Kings County, Respondent.

Supreme Court, New York County, October 7, 1933.

*Murray L. Pomerantz*, petitioner, in person.

*Kaufman, Weitzner & Celler* [*Emil Weitzner* of counsel], for the respondent.

FURMAN, J. This is a petition for a mandamus order presented to this court to compel Aaron L. Jacoby, as register of Kings county, to remove from office Hyman Schorenstein. Mr. Schorenstein now holds the appointive office of commissioner of records of Kings county. The petition implies that said commissioner is not sufficiently educated and that, therefore, he is not a suitable person to hold or to be appointed to such an office. The statute affecting such office is as follows (Laws of 1928, chap. 729. § 2): " The register of the county of Kings shall continue to appoint a suitable person as commissioner of records. He shall take and hold said office for a term of five years from the date of his appointment and qualification."

The opposition does not controvert the statement as to the commissioner's educational ability, but contends that he has held many other important positions, to wit: " That the said Hyman Schorenstein has held public office uninterruptedly for about seventeen years. For a number of years he was a deputy United States marshal, an office which he held during the World War

when the post required its incumbent to employ tact, intelligence, resourcefulness and unusual diligence. He later served as deputy register of Kings county for over eight years, where he performed the duties of his office with entire satisfaction. Since his appointment as commissioner of records and during his incumbency in that office he has acquitted himself honorably and efficiently," and also at the present time he is a director of a bank and of considerable business ability. The opposition also contends that a similar petition was presented to the Governor and was by him refused and that under all of these circumstances this court has no jurisdiction to remove the incumbent, it being an appointive office, etc.

The petitioner fails to show to this court any authority whatever which would aid us in determining this question, and although somewhat similar decisions have been noted in the opposition's brief, there has never, so far as we can find, been any case that has granted the prayer of a petition similar to this under similar circumstances. The statute recites that the register shall appoint a suitable person as commissioner, etc. We then must ascertain what is meant by suitable. The civil dictionary (7 Words and Phrases, p. 6780) gives as a definition of suitable " capable of suiting." The legal dictionary gives the following definition: " The ordinary and general signification of ' suitable ' is ' likely to suit,' ' capable of suiting,' or ' adapted.' This is by no means equivalent to ' adequate ' and that which is adequate must be suitable, but that which is suitable may not be adequate." Continuing, quoting the definition from Webster and the Century Dictionaries, the legal dictionary continues: " ' Suitable ' means fitting, capable of suiting, or appropriate. The test of the suitableness of an article for a certain purpose is, not whether it is commonly used therefor, but whether it possesses actual practical, commercial fitness for that purpose."

The petitioner does not contend that there is any statute of the State which prohibits a person of the commissioner's qualifications from holding office. We might say that there are many statutory prohibitions in connection with the holders of various offices which may be found under the law of civil service, but that statute does not in anywise apply to the present position. The statute (Public Officers Law, art. 2, § 3) under which this commissioner holds office is found as follows: " Qualifications for holding office. No person shall be capable of holding a civil office who shall not, at the time he shall be chosen thereto, be of full age, a citizen of the United States, a resident of the State, and if it be a local office, a resident of the political subdivision or municipal corporation of the State

for which he shall be chosen or within which the electors electing him reside or within which his official functions are required to be exercised." The office of the commissioner of records is to receive public documents, file them and keep them safely within his jurisdiction. The petitioner does not even contend but what the present incumbent is fully efficient, trustworthy and capable, with the one claimed defect. Let us then compare the qualifications of the office holder with the statute. Is he of full age, a citizen of the United States, a resident of the State, and this being a local office, a resident of the political subdivision or municipal corporation of the State for which he shall be chosen or within which the electors electing him reside or within which his official functions are required to be exercised? All of these requirements, with reference to the present incumbent, must be answered in the affirmative.

As the petitioner has not in any wise questioned the qualifications of the officeholder as to his requisites under the statute, what is there left for us to decide? He was legally appointed, he had all the qualifications required by law, he is an efficient officeholder, has fulfilled his duties in a capable manner, and under these circumstances, what more could a person require?

We, therefore, think the petition should be denied and direct that an order to that effect be entered by the respondent.